**IN THE CIRCUIT COURT**
**FOR BALTIMORE CITY, MARYLAND**


JOKOLBY COOPER                          :
601 N. Bentalou Street                  :
Baltimore, MD 21216                     :
                                        :
                    Plaintiff,          :
                                        :
v.                                      :       Case No.:
                                        :
                                        :
STATE OF MARYLAND                       :
80 Calvert Street                       :
Annapolis, Maryland 21401               :
                                        :
  Serve:                                :
                                        :
  MARYLAND DEPARTMENT OF PUBLIC         :
  SAFETY AND CORRECTIONAL SERVICES      :
  300 East Joppa Road                   :
  Suite 1000                            :
  Towson, MD 21286                      :
                                        :
  Brian Frosh                           :
  Office of Attorney General            :
  St. Paul Plaza - 19th Floor           :
  200 St. Paul Place                    :
  Baltimore, MD 21202                   :
                                        :
  Nancy K. Kopp, Treasurer              :
  Louis L. Goldstein                    :
  Treaury Building                      :
  80 Calvert Street, Room 109           :
  Annapolis, MD 21401                   :
                                        :
and                                     :
                                        :
MAYOR AND CITY COUNCIL of               :
BALTIMORE                               :
City Hall - Room 250                    :
100 N. Holliday Street                  :
Baltimore, Maryland 21202               :
                                        :
and                                     :

Exhibit A

SIMON WAINWRIGHT                    :
in his official                     :
and individual capacity,            :
954 Forrest Street                  :
Baltimore, MD 21202                 :
                                    :
and                                 :
                                    :
ROBERT L. GREEN                     :
in his official                     :
and individual capacity,            :
300 East Joppa Road                 :
Suite 1000                          :
Towson, MD 21286                    :
                                    :
and                                 :
                                    :
Nakiara Ridby                       :
in his official                     :
and individual capacity,            :
954 Forrest Street                  :
Baltimore, MD 21202                 :
                                    :
and                                 :
                                    :
Lieutenant Scott                    :
in his official                     :
and individual capacity,            :
954 Forrest Street                  :
Baltimore, MD 21202                 :
                                    :
and                                 :
                                    :
Olawale Akanji                      :
in his official                     :
and individual capacity,            :
954 Forrest Street                  :
Baltimore, MD 21202                 :
                                    :
and                                 :
                                    :
Muyiwa Olalemi                      :
in his official                     :
and individual capacity,            :
954 Forrest Street                  :
Baltimore, MD 21202                 :
                                    :

2

Exhibit A

```
and                               :
                                  :
Lancelot Lemonius                 :
in his official                   :
and individual capacity,          :
954 Forrest Street                :
Baltimore, MD 21202               :
                                  :
and                               :
                                  :
Odunayo Adegboye                  :
in his official                   :
and individual capacity,          :
954 Forrest Street                :
Baltimore, MD 21202               :
                                  :
and                               :
                                  :
Jefferson Exinor                  :
in his official                   :
and individual capacity,          :
954 Forrest Street                :
Baltimore, MD 21202               :
                                  :
and                               :
                                  :
DOE Defendants 1-20,              :
Employees of State of Maryland    :
                                  :
and                               :
                                  :
DOE Defendants 21-40,             :
Employees of Baltimore City       :
                                  :
            Defendants.           :
```

## COMPLAINT AND DEMAND FOR JURY TRIAL

JOKOLBY COOPER, by and through his attorney, RANDY EVAN

MCDONALD, Esq., brings this action against the State of

Maryland, Warden Simon Wainwright (in his individual and

official capacity) of the Metropolitan Transition Center

3

(hereinafter "MTC"), as well as Robert Green (in his individual and official capacity), the Secretary of the Maryland Department of Public Safety and Correctional Services (hereinafter "DPSCS"):

### I. JURISDICTION, VENUE and PRE-SUIT REQUIREMENTS

1. This Court has personal jurisdiction over the Defendants pursuant to Maryland Code, Courts & Judicial Proceedings, § 6-103, because the cause of action arose in Maryland.

2. This Court has subject matter jurisdiction over the Defendants pursuant to Maryland Code, Courts & Judicial Proceedings, § 4-401(1), because the amount in controversy is greater than thirty-thousand dollars ($30,000.00).

3. Venue lies with this Court pursuant to (i) Maryland Code, Courts & Judicial Proceedings, § 6-201(a), because Defendants reside, carry on a regular business, habitually engage in a vocation, or maintain their principal offices in this County; (ii) Maryland Code, Courts & Judicial Proceedings, § 6-201(b), because there is more than one Defendant and there is no single venue applicable to all Defendants, so all may be sued in a county in which any one of them could be sued; and § 6-202(8), because this is a tort action based in negligence arising in Baltimore City.

4

4. Pursuant to the Maryland Tort Claims Act, Md. Code Ann., Court and Judicial Proceedings (CJP) § 5-304, Plaintiffs placed Defendant, Mayor and City Council of Baltimore, on notice by delivering the required notice via United States Postal Service, within one year of Mr. Cooper's injury.

5. Pursuant to the Local Government Tort Claims Act, Md. Code Ann., State Gov't (SG) § 12-106, Plaintiffs placed Defendant Mayor and City Council of Baltimore on notice by delivering the required notice via the United States Postal Service certified mail return receipt, within one year of Mr. Cooper's injury.

## II. PARTIES

6. The Plaintiff, JOKOLBY COOPER ("Plaintiff") is a resident of Baltimore, MD, and was detained at MTC, located at 954 Forrest Avenue, in Baltimore, MD 21202, when he was assaulted by inmates.

7. Defendant, the STATE OF MARYLAND, was in charge of and operated the DPSCS. It was responsible for and had the duty to provide care, safekeeping and protection to all persons detained within the correctional system in the State. It was also the employer of all corrections officer defendants, DOE Defendants 1-20, Defendant Wainwright and Defendant Green who are sued in the instant action. All other defendants were acting within the scope of their employment and under color of law.

5

Exhibit A

8. Defendant, the MAYOR and CITY COUNCIL OF BALTIMORE ("the City") is a municipal corporation, duly organized and existing by virtue of the laws of the State of Maryland, and was responsible for all pretrial detainees arrested by Baltimore City authorities. The City was responsible for and had the duty to provide a safe environment for pretrial detainees that was free from danger. It was also the employer or hired all DOE Defendants 21-40 who are sued in the instant action. DOE Defendants 21-40 were acting within the scope of their employment and under color of law.

9. Defendant SIMON WAINWRIGHT is sued in his official capacity and stands in the shoes of all of his predecessors for the purposes of this case all of whom, including Mr. Wainwright, were acting under color of state law during the relevant events. Warden WAINWRIGHT had the capacity and authority to make final decisions for the purpose of MTC policy, practice, and conduct.

10.    Defendant Secretary ROBERT L. GREEN is sued in his official capacity as the Secretary of the DPSCS and stands in the shoes of all of his predecessors for the purposes of this case. The MTC is maintained and managed by the DPSCS. Secretary Green had the capacity and authority to hire, fire, and supervise final policymakers employed in DPSCS facilities, including Warden Wainwright.

6

Exhibit A

11.     Defendant Nakiara Ridby was a Correctional Officer for the MTC whose conduct referred to herein was at all times relevant to her employment, and who is responsible for the pattern and practice of misconduct discussed herein and was at all times relevant hereto acting under color of state law.

12.     Defendant Lieutenant Scott was a Correctional Officer for the MTC whose conduct referred to herein was at all times relevant to her employment, and who is responsible for the pattern and practice of misconduct discussed herein and was at all times relevant hereto acting under color of state law.

13.     Defendant Olawale Akanji was a Correctional Officer for the MTC whose conduct referred to herein was at all times relevant to her employment, and who is responsible for the pattern and practice of misconduct discussed herein and was at all times relevant hereto acting under color of state law.

14.     Defendant Muyiwa Olalemi was a Correctional Officer for the MTC whose conduct referred to herein was at all times relevant to her employment, and who is responsible for the pattern and practice of misconduct discussed herein and was at all times relevant hereto acting under color of state law.

15.     Defendant Lancelot Lemonius was a Correctional Officer for the MTC whose conduct referred to herein was at all times relevant to her employment, and who is responsible for the

7

pattern and practice of misconduct discussed herein and was at all times relevant hereto acting under color of state law.

16.     Defendant Odunayo Adegboye was a Correctional Officer for the MTC whose conduct referred to herein was at all times relevant to her employment, and who is responsible for the pattern and practice of misconduct discussed herein and was at all times relevant hereto acting under color of state law.

17.     Defendant Jefferson Exinor was a Correctional Officer for the MTC whose conduct referred to herein was at all times relevant to her employment, and who is responsible for the pattern and practice of misconduct discussed herein and was at all times relevant hereto acting under color of state law.

18.     DOE Defendants 1-20 are employed by the State of Maryland as correctional officers at MTC and supervised by Warden Wainwright and/or by other Doe Defendants, while employed as correctional officers at MTC. Each of these Doe Defendants are sued in both their individual and official capacities because the conduct complained of herein occurred while the Doe Defendants were on duty.

19.     DOE Defendants 21-40 are employed by the City of Baltimore as directors, supervisors and/or administrators and control the City's policy on when and where to transfer inmates out of the custody of the City. Each of these Doe Defendants are sued in both their individual and official capacities because

8

Exhibit A

the conduct complained of herein occurred while the Doe
Defendants were on duty.

20.     Defendants in paragraphs 11-17 are collectively
known as "the Corrections Officers".

21.     All Defendants are jointly and severally liable
for damages and injuries to the plaintiffs described herein.

### III.   STATEMENT OF FACTS

22.     On June 10, 2021, Mr. Cooper was detained at MTC,
pending trial in Baltimore City Circuit Court.

23.     Mr. Cooper was housed in a barracks or dormitory
style room with 50 or more other inmates.

24.     During the early morning hours, when all inmates
were supposed to be asleep and movement at a minimum, Mr. Cooper
was attacked by three other inmates.

25.     During the attack, the assailants attempted to or
did stab Mr. Cooper nine times and poured boiling hot water on
his face, neck, back, torso, arms and head.

26.     The attack has left Mr. Cooper with some
permanently injured and disfigured.

27.     On June 10, 2021, Mr. Cooper was detained at
Metropolitan Transit Center ("MTC") in Baltimore, MD.

28.     MTC is a facility managed and maintained by the
State of Maryland.

9

Exhibit A

29.    Mr. Cooper was arrested and detained by Baltimore City, and therefore, his safety was the responsibility of Baltimore City.

30.    MTC has had a history of failing to keep inmates safe and Baltimore City knew or should have known of this history.

31.    On June 10, 2021, at around 2:30 a.m., Mr. Cooper was asleep in his bed.

32.    Historically, Baltimore City and the State of Maryland have declined to prosecute inmate assaults, even when the entire crime is captured on surveillance video as was the case with Mr. Cooper.

33.    Such refusal encourages inmates to assault one another and contributes to the overall lack of safety at MTC and in the entire penal system.

34.    In the early morning hours of June 10, 2021, three suspects attempted to maim and murder Mr. Cooper.

35.    The three suspects wrapped their heads in towels in an effort to conceal their identities.

36.    One suspect retrieved a bowl full of liquid from the microwave.

37.    Although it was close to 2 a.m. and the suspects were actively concealing their identities, no correctional officer at MTC bothered to attempt to stop the suspects or

10

Exhibit A

inquire as to why they were out of bed and masking their identities while creating a weapon of boiling liquid.

38.    Once the suspects retrieved the bowl of boiling hot liquid, they proceeded without being stopped or questioned by staff to Mr. Cooper's bunk.  The Corrections Officers and DOE Defendants 1-20 knew or should have known that these inmates were planning to assault Mr. Cooper.

39.    In a coordinated attack, the suspects arrive at Mr. Cooper's bunk and forcefully yank him to the floor. One suspect immediately poured the boiling liquid on Mr. Cooper's face and back before Mr. Cooper could perceive what was happening.  The other two suspects began stabbing Mr. Cooper multiple times with makeshift knives.

40.    The boiling water left Mr. Cooper burned, disfigured, blind for several days and still with substantial hearing loss.

41.    It is illegal and against DCSPS policy for inmates to possess weapons, including the types used to stab Mr. Cooper.

42.    It was the responsibility of MTC, DCSPS and the City of Baltimore and their employees to assure Mr. Cooper's safety.

43.    While the masked suspects moved on the tier towards Mr. Cooper's bed armed with knives and a boiling liquid,

11

Exhibit A

MTC employees did nothing to stop the suspects from harming Mr. Cooper.

44.    The persons who assaulted Mr. Cooper were known, or should have been known, as dangerous and violent individuals to the employees of MTC.

45.    Although those individuals were dangerous and violent, they were detained in a dormitory style facility with less dangerous persons like Mr. Cooper.

46.    Mr. Cooper was arrested by Baltimore City Police Department.  Upon arrest, Mr. Cooper was detained at the Baltimore City Detention Center.

47.    Although Mr. Cooper's well-being was the responsibility of the City of Baltimore, the City transferred Mr. Cooper to the custody of DPSCS, where the City knew or should have known that Mr. Cooper could not be kept safe.  The dangers at MTC were well-known at the time that Mr. Cooper was transferred.

48.    Corporal Nakiara Ridby, Lieutenant Scott, Olawale Akanji, Muyiwa Olalemi, Lancelot Lemonius, Odunayo Adegboye, Jefferson Exinor and the DOE Defendants 1-20 were working as corrections officers at MTC at the time that Mr. Cooper was assaulted, witnessed the assault, and had a duty, individually and collectively, to protect Mr. Cooper.

Exhibit A

49.    MTC employees, including those named as
defendants and DOE Defendants 1-20, knew or should have known
that the microwave could be weaponized and used against Mr.
Cooper.

50.    MTC had an inadequate number of correctional
officers on duty to protect Mr. Cooper.

51.    All corrections officers are, and were at all
relevant times, employed at the MTC and were acting under color
of Maryland law in their capacity as a corrections officer
employed by the State of Maryland and/or of the MTC when Mr.
Cooper was assaulted.  At all times relevant, the Corrections
Officers were operating within the scope of their employment.

52.    At all times relevant to this action, the
Corrections Officers were acting under color of law under their
authority as a correction officers of the State of Maryland, and
under color of the statutes, ordinances, regulations of the
State of Maryland and policies, customs and usage of the MTC.
Specifically, at the time of the assault the Corrections
Officers:

a. wore the apparel of the DPSCS;

b. used the resources and the DPSCS; and,

c. were on active duty as officers of the DPSCS.

53.    An internal affairs investigation was initiated
regarding the assault of Mr. Cooper.

13

54.    As an administrative official at the MTC, Defendant Wainwright provided deliberately indifferent training to the Corrections Officers and further provided deliberately indifferent supervision and discipline.  Defendant Wainwright further was deliberately indifferent in hiring the Corrections Officers and was deliberately indifferent in failing to adopt policies necessary to prevent violations of the plaintiff's rights under the Maryland Declaration of Rights and U.S. Constitution.  His actions or inactions were moving forces in and had a direct causal link to the injuries to plaintiff.

55.    Warden Wainwright, his subordinates and his designees were responsible for the operation and implementation of the policies pertinent to the Maryland Division of Public Safety and Correctional Services as promulgated by Secretary Green or his predecessor in interest.

56.    Warden Wainwright and Secretary Green have implemented policies that fail to adequately address inmate assaults on inmates.

57.    Defendants Wainwright and Green were aware, or should have been aware, that the inmates who assaulted Mr. Cooper were prone to violent and assaultive behavior.

58.    Defendants Wainwright and Green failed to properly train the Corrections Officers in preventing inmate assaults of other inmates.

14

Exhibit A

59.    Warden Wainwright, Secretary Green and the DPSCS were responsible for promulgating and implementing and following policies and procedures pertinent to the MTC and specifically, and not limited to, the safety and well-being of inmates such as Mr. Cooper.

60.    DOE Defendants 21-40, as employees of the City, made decisions to transfer Mr. Cooper into the custody of DPSCS when they knew or should have known that DPSCS could not keep Mr. Cooper safe from other inmates.

61.    All of these duties were to be civilly and constitutionally fulfilled to assure the safety and well-being of all inmates entrusted to the defendant State and its DPSCS and Secretary Green and Warden Wainwright.

62.    At all relevant times, the Corrections Officers:

        a. wore the apparel of the DPSCS;

        b. used the resources and the DPSCS;

        c. was on active duty as an officer of the DPSCS;

        d. acted under his authority as an officer of the DPSCS; and acted under the color of law, statute, ordinance, regulation, custom and usage of the State of Maryland.

15

## IV.   CLAIMS FOR RELIEF

### First Claim for Relief
### 42 U.S.C. 1983 – U.S. Const. 14th Amend.— Failure to Protect
### Against the Corrections Officers, DOE Defendants 1-20
### Defendant Wainwright and Defendant Green

63.   Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

64.   The Fourteenth Amendment imposes on the Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green the obligation to take reasonable measures to protect pretrial detainees from violence at the hands of other inmates.

65.   As explained above, the Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green failed in their obligation at every turn.

66.   The Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green's conduct exposed Mr. Cooper to a substantial and well-known risk of harm.

67.   The Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green knew of and were deliberately indifferent to those known risks.

68.   As a result of the Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green's deliberate indifference, Mr. Cooper was stabbed and severely burned with a boiling liquid.

Exhibit A

69.     The Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green were in direct violation of the Fourteenth Amendment, as well as their own policies, when they recklessly, willfully and with deliberate indifference facilitated the move of a known-dangerous inmates into the same dormitory as Mr. Cooper, all while knowingly being too understaffed to provide adequate supervision.

70.     While acting under color of state law, the Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green affirmatively created the danger that led to Mr. Cooper's injuries:

   a. Failing to maintain appropriate staff in the inmate housing units;

   b. Placing Mr. Cooper in the dormitory rooms with the three suspects despite knowledge of their propensity towards violence;

   c. Failing to have a corrections officer in Mr. Cooper's dormitory;

   d. Failing to conduct regular checks of the dormitory;

   e. Failing to adequately protect Mr. Cooper from injuries while in their custody and control; and,

71.     The danger created by the Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green as

17

Exhibit A

set forth above was foreseeable and direct, and through their failures, willful disregard, and deliberate indifference to Mr. Cooper's safety, Defendants acted with a degree of culpability that shocks the conscience.

72.    The Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green acts and omissions caused Mr. Cooper to suffer extreme and severe physical and emotional distress, terror, agony.

73.    At the time of the complained of events, Mr. Cooper had a clearly established right under the U.S. Constitution to bodily integrity and to be secure in his person from excessive force.

74.    Any reasonable corrections officer knew or should have known of these rights at the time of the complained of conduct.

75.    The Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green's actions were objectively unreasonable in light of the facts and circumstances confronting them.

76.    The deliberate indifference to Mr. Cooper's known constitutional rights shocks the conscience and violated Mr. Cooper's rights under the U.S. Constitution.

Exhibit A

77.    The Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green failed to take reasonable steps to protect Mr. Cooper from the assault.

78.    The Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green acted so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Mr. Cooper severe physical and emotional injuries.

79.    The acts or omissions of the Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green were direct causes of and moving forces behind Plaintiff's injuries.

80.    The Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green to this claim at all times relevant hereto were acting pursuant to Maryland DPSCS custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

81.    The Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green are not entitled to qualified immunity for the complained of conduct because they were fully aware of Mr. Cooper's right to be free from an unjustified, severe, and potentially deadly assault and battery.

19

Exhibit A

82.     As a proximate result of the Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green's unlawful conduct, Plaintiff has suffered physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical and other special damages related expenses.

83.     On information and belief, Mr. Cooper may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained consequences of his injury.

84.     In addition to compensatory, economic, consequential and special damages, Mr. Cooper is entitled to punitive damages against each of the individually named Defendants and DOE Defendants 1-20, in that the actions of each of these defendants were taken knowingly, intentionally, maliciously, willfully or with a reckless or wanton disregard of Mr. Cooper's rights under the U.S. Constitution.

### Second Claim for Relief
### 42 U.S.C. 1983 - Monell Claim
### Against the State of Maryland

85.     Plaintiff hereby incorporates all other paragraphs of this Complaint as fully set forth herein.

Exhibit A

86.     The Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green were employees of the State of Maryland and the DPSCS.

87.     The State of Maryland failed to adequately train, supervise, and discipline their employees in preventing and stopping inmate assaults.

88.     The State of Maryland maintains informal and formal customs, policies and practice, promote and encourage corrections officers to ignore and accept inmate assaults on other inmates.

89.     The failure to stop inmate assault even while observing them is so persistent and widespread that it has become an accepted manner or custom.

90.     Defendants Green and Wainwright had actual knowledge of the Corrections Officers' custom and practices of failing to protect inmates from other inmates and/or intervene during assaults. Defendant correction officers' actions described in this Complaint were the direct result of orders given by Warden Wainwright.

91.     The State of Maryland, DPSCS and Defendants Wainwright and Green had actual knowledge or constructive knowledge of the correctional officers penchant towards declining to assist inmates during attacks and overall failing to prevent attacks.

21

92.     Defendants Wainwright and Green deliberately ignored, and at times, encouraged the Corrections Officers at MTC to behave in this manner.

93.     The State of Maryland, DPSCS and Defendants Green and Wainwright deliberately failed to put a stop to or correct the widespread pattern of corrections officers declining to intervene in or prevent inmate assaults. On information and belief, Secretary Green had knowledge of Defendant Wainwright and the corrections officer's methods of declining to intervene in or prevent inmate assaults, but took no action or inadequate action to correct or discipline Defendant Wainwright or the Corrections Officers at MTC. Secretary Green's failure to take action constituted deliberate indifference to the rights of MTC inmates and detainees, because Secretary Green was aware of the harm they were subjected to, aware that the harms would continue if he did nothing, and decided to do nothing.

94.     Although Defendants Green and Wainwright and the State of Maryland knew or should have known of the customs of declining to intervene in and/or prevent inmate assaults, the State of Maryland, Defendant Green and Wainwright failed to adequately supervise and train corrections officers.

95.     The acts of the State of Maryland, Defendants Green and Wainwright were direct and proximate causes of Mr.

22

Exhibit A

Cooper's injuries. The failure to properly hire, train, retain and supervise the administrative officials and the Corrections Officers was a proximate cause of Mr. Cooper's injuries.

### Third Claim for Relief
### 42 U.S.C. 1983 – U.S. Const. 14th Amend.— Failure to Protect Against the DOE Defendants 21-40

96.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

97.     The Fourteenth Amendment imposes on the City of Baltimore and DOE Defendants 21-40 the obligation to take reasonable measures to protect pretrial detainees from violence at the hands of other inmates.

98.     As explained above, DOE Defendants 21-40 failed in their obligation at every turn.

99.     DOE Defendants 21-40's conduct exposed Mr. Cooper to a substantial risk of harm.

100.    DOE Defendants 21-40 knew of and were deliberately indifferent to those known risks.

101.    As a result of DOE Defendants 21-40 deliberate indifference, Mr. Cooper was stabbed and severely burned with a boiling liquid.

102.    DOE Defendants 21-40 were aware of, or should have been aware of, the State of Maryland, DPSCS and MTC's historic failure to protect inmates at MTC.

Exhibit A

103.    While DOE Defendants 21-40 knew of MTC's security deficiencies and inability to protect Mr. Cooper, DOE Defendants 21-40 still chose to send Mr. Cooper into the custody of DPSCS.

104.    DOE Defendants 21-40 were in direct violation of the Fourteenth Amendment, as well as their own policies, when they recklessly, willfully and with deliberate indifference facilitated Mr. Cooper's move to a known dangerous facility, while knowing DPSCS to use understaffed facilities and provide inadequate protection of inmates.

105.    While acting under color of state law, DOE Defendants 21-40 affirmatively created the danger that led to Mr. Cooper's injuries by failing fully scrutinize DPSCS and DPSCS facilities ability to reasonably maintain safety for Mr. Cooper.

106.    DOE Defendants 21-40 acts and omissions caused Mr. Cooper to suffer extreme and severe physical and emotional distress, terror and agony.

107.    At the time of the complained of events, Mr. Cooper had a clearly established right under the U.S. Constitution to bodily integrity and to be secure in his person from excessive force.

108.    Any reasonable employee who was employed as the DOE Defendants 21-40 were knew or should have known of these rights at the time of the complained of conduct.

24

109.    DOE Defendants 21-40's actions were objectively unreasonable in light of the facts and circumstances confronting them.

110.    The deliberate indifference to Mr. Cooper's known constitutional rights shocks the conscience and violated Mr. Cooper's rights under the U.S. Constitution.

111.    DOE Defendants 21-40 failed to take reasonable steps to protect Mr. Cooper from the assault.

112.    DOE Defendants 21-40 acted so with shocking and willful indifference to Mr. Cooper's rights and their conscious awareness that they would cause Mr. Cooper severe physical and emotional injuries.

113.    The acts or omissions of DOE Defendants 21-40 were direct causes of and moving forces behind Plaintiff's injuries.

114.    DOE Defendants 21-40 at all times relevant hereto were acting pursuant to City custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Mr. Cooper.

115.    DOE Defendants 21-40 are not entitled to qualified immunity for the complained of conduct because they were fully aware of Mr. Cooper's right to be free from an unjustified, severe, and potentially deadly assault and battery.

Exhibit A

116.    As a proximate result of DOE Defendants 21-40's unlawful conduct, Plaintiff has suffered physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical and other special damages related expenses.

117.    On information and belief, Mr. Cooper may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained consequences of his injury.

118.    In addition to compensatory, economic, consequential and special damages, Mr. Cooper is entitled to punitive damages against each of the individually named Defendants, in that the actions of each of these individual Defendants were taken knowingly, intentionally, maliciously, willfully or with a reckless or wanton disregard of Mr. Cooper's rights under the U.S. Constitution.  These acts were further committed with the intent to harm and injure Mr. Cooper.

**Fourth Claim for Relief**
**42 U.S.C. 1983 – Monell Claim**
**Against the City of Baltimore**

119.    Plaintiff hereby incorporates all other paragraphs of this Complaint as fully set forth herein.

26

Exhibit A

120.    DOE Defendants 21-40 were employees of the City of Baltimore.

121.    The City maintains informal andformal customs, policies and practice of placing inmates in unsafe facilities.

122.    Placing inmates in unsafe, state run facilities is so persistent and widespread that it has become an accepted manner or custom.

123.    DOE Defendants 21-40 had actual knowledge of the custom and practices of placing inmates in dangerous and unsafe state-run facilities.

124.    DOE Defendants 21-40 and the City had actual knowledge or constructive knowledge of DPSCS and MTC's record of failing to keep inmates safe.

125.    DOE Defendants 21-40 deliberately ignored the MTC's security lapses and inability to keep inmates safe.

126.    The City and the DOE Defendants 21-40 deliberately failed to put a stop to or correct the widespread pattern of placing inmates at MTC where it was known that inmates would not be safe from injury. The DOE Defendant 21-40's failure to take action constituted deliberate indifference to the rights of pretrial detainees, because the DOE Defendants 21-40 were aware of the harm that the inmates were subjected to, aware that the harms would continue if the DOE Defendants 21-40 did nothing, and decided to do nothing.

127.    Although the DOE Defendants 21-40 and the City knew or should have known of the customs of sending inmates into unsafe and dangerous state-run facilities, the City and the DOE Defendants 21-40 failed to adequately prevent inmates from being transferred to those facilities.

128.    The acts of the City and DOE Defendants 21-40 were direct and proximate causes of Mr. Cooper's injuries.

### Fifth Claim for Relief
### Negligence
### Against the Corrections Officers, DOE Defendants 1-20
### Defendant Wainwright and Defendant Green

129.    Plaintiff hereby incorporates all other paragraphs of this Complaint as fully set forth herein.

130.    The Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green had a duty to provide care, safekeeping, and protection, and, inter alia, not create or maintain a dangerous condition which could harm persons such as Mr. Cooper, who were under their control.

131.    The Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green had a special duty to Mr. Cooper because of the custodial relationship between Defendants and Mr. Cooper, and because the Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green put Mr. Cooper in harm's way by placing him in a zone of danger.

Exhibit A

132.    The Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green breached its duty of reasonable care under the circumstances by creating a dangerous condition in the form of allowing the brutal attack by other inmates to occur against Mr. Cooper.

133.    The Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green breached their duty of reasonable care by failing to timely render appropriate medical aid to Mr. Cooper, despite the means and duty to do so.

134.    The Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green breached its duty of reasonable care when it actually and proximately caused Mr. Cooper to suffer physical and mental injuries.

135.    As a direct and proximate result of the aforesaid conduct, actions and inactions of the Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green and as stated elsewhere herein, Mr. Cooper was caused to suffer and continues to suffer temporary and permanent physical injuries, physical pain and suffering, mental pain and suffering, including but not limited to, undue emotional distress, mental anguish, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of life and disability, an inability to perform and enjoy his normal and usual activities, and economic damages including, but not limited to, past and future medical

Exhibit A

bills and expenses, past and future lost time and wages from work, past and future lost earning capacity and unnecessary attorneys' fees, all to the great detriment of Mr. Cooper.

### Sixth Claim for Relief
### Negligence
### against DOE Defendants 21-40

136.    Plaintiff hereby incorporates all other paragraphs of this Complaint as fully set forth herein.

137.    DOE Defendants 21-40 had a duty to provide care, safekeeping, and protection, and, inter alia, not place Mr. Cooper in a dangerous environment.

138.    DOE Defendants 21-40 had a special duty to Mr. Cooper because of the custodial relationship between the City and Mr. Cooper, and because the City put Mr. Cooper in harm's way by placing him in a zone of danger.

139.    DOE Defendants 21-40 were aware of the State of Maryland's inability to protect Mr. Cooper and inmates like him.

140.    DOE Defendants 21-40 were aware that Mr. Cooper would be subjected to unreasonable risk of physical and mental harm due to the violent nature of MTC and other DPSCS facilities, and the State of Maryland's inability to keep inmates safe.

Exhibit A

141.    DOE Defendants 21-40 breached their duty of reasonable care by failing to properly vet the facility in which it placed Mr. Cooper.

142.    DOE Defendants 21-40 further breached its duty of reasonable care by knowingly placing Mr. Cooper into the custody of the State of Maryland while knowing that the State of Maryland was incapable of keeping Mr. Cooper safe.

143.    DOE Defendants 21-40 breached their duty of reasonable care when they actually and proximately caused Mr. Cooper to suffer physical and mental injuries.

144.    As a direct and proximate result of the aforesaid conduct, actions and inactions of DOE Defendants 21-40 and as stated elsewhere herein, Mr. Cooper was caused to suffer and continues to suffer temporary and permanent physical injuries, physical pain and suffering, mental pain and suffering, including but not limited to, undue emotional distress, mental anguish, humiliation, embarrassment, loss of respect, shame, loss of enjoyment of life and disability, an inability to perform and enjoy his normal and usual activities, and economic damages including, but not limited to, past and future medical bills and expenses, past and future lost time and wages from work, past and future lost earning capacity and unnecessary attorneys' fees, all to the great detriment of Mr. Cooper.

31

**Seventh Claim for Relief**
**Violations of Articles 24**
**of the Maryland Declaration of Rights**
**Against the Corrections Officers, DOE Defendants 1-20**
**Defendant Wainwright and Defendant Green**

145.   Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

146.   Mr. Cooper is a citizen of the State of Maryland and the correction officer and administration of the MTC were acting under color of law and as officers of the State and their acts or omissions were conducted within the scope of their official duties or employment.

147.   At no time relevant to this action did Mr. Cooper engage in any criminal or illegal act or act in violation of the policies of the MTC.

148.   At no time relevant was Mr. Cooper a threat to the safety of any correction officer, himself or others.

149.   At no time did Mr. Cooper resist detention or attempt to evade detention by flight or otherwise.

150.   At the time of the complained of events, Mr. Cooper had a clearly established right under the Maryland Declaration of Rights to be secure in his person from being assaulted by other inmates and to bodily integrity.

151.   Any reasonable correction officer knew or should have known of these rights at the time of the complained of conduct.

32

Exhibit A

152.    The Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green's actions were objectively unreasonable in light of the facts and circumstances confronting them.

153.    The Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green's actions were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Cooper's protected rights.

154.    The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

155.    The Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green acted in concert and joint action with each other.

156.    The acts or omissions of the Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green as described herein intentionally deprived Mr. Cooper of his rights under the Maryland Declaration of Rights and caused him other damages.

157.    The Defendants to this claim at all times relevant hereto were acting pursuant to DPSCS custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

158.    As a proximate result of the Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and

33

Defendant Green's unlawful conduct, Mr. Cooper has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages. As a further result of the the Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green's unlawful conduct, Mr. Cooper has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses. Mr. Cooper is therefore entitled to money damages to compensate him for his injuries and for the violation of his rights under the Maryland Declaration of Rights.

159.   On information and belief, Mr. Cooper may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained consequences of his injury. There may also be special damages for lien interests.

160.   In addition to compensatory, economic, consequential and special damages, Mr. Cooper is entitled to punitive damages against each of the individually named Defendants, in that the actions of each of these individual Defendants have been taken knowingly, intentionally, maliciously, willfully or with a reckless or wanton disregard of Mr. Cooper's rights under the Maryland Declaration of Rights.

34

Exhibit A

**Eighth Claim for Relief**
**Violations of Articles 24**
**of the Maryland Declaration of Rights**
**against DOE Defendants 21-40**

161.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

162.    Mr. Cooper is a citizen of the State of Maryland and the correction officer and administration of the MTC were acting under color of law and as officers of the State and their acts or omissions were conducted within the scope of their official duties or employment.

163.    At no time relevant to this action did Mr. Cooper engage in any criminal or illegal act or act in violation of the policies of the MTC.

164.    At no time relevant was Mr. Cooper a threat to the safety of any correction officer, himself or others.

165.    At no time did Mr. Cooper resist detention or attempt to evade detention by flight or otherwise.

166.    At the time of the complained of events, Mr. Cooper had a clearly established right under the Maryland Declaration of Rights to be secure in his person from being assaulted by other inmates and to bodily integrity.

167.    Any reasonable employee of the City knew or should have known of these rights at the time of the complained of conduct.

35

Exhibit A

168.   DOE Defendants 21-40's actions were objectively unreasonable in light of the facts and circumstances confronting them.

169.   DOE Defendants 21-40's actions were also malicious and/or involved reckless, callous, and deliberate indifference to Mr. Cooper's protected rights.

170.   The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

171.   DOE Defendants 21-40 acted in concert and joint action with each other.

172.   The acts or omissions of DOE Defendants 21-40 as described herein intentionally deprived Mr. Cooper of his rights under the Maryland Declaration of Rights and caused him other damages.

173.   DOE Defendants 21-40 at all times relevant hereto were acting pursuant to City custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Mr. Cooper.

174.   As a proximate result of DOE Defendants 21-40's unlawful conduct, Mr. Cooper has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages. As a further result of the DOE Defendants 21-40's unlawful conduct, Mr. Cooper has incurred special damages, including medically

36

related expenses and may continue to incur further medically and other special damages related expenses.  Mr. Cooper is therefore entitled to money damages to compensate him for his injuries and for the violation of his rights under the Maryland Declaration of Rights.

175.    On information and belief, Mr. Cooper may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained consequences of his injury.  There may also be special damages for lien interests.  In addition to compensatory, economic, consequential and special damages, Mr. Cooper is entitled to punitive damages against each of the Defendants, in that the actions of each of these Defendants have been taken knowingly, intentionally, maliciously, willfully or with a reckless or wanton disregard of Mr. Cooper's rights under the Maryland Declaration of Rights.

**Fourteenth Claim for Relief**
**Gross Negligence**
**The Corrections Officers and DOE Defendants 1-40**

176.    Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

177.    The Corrections Officers and DOE Defendants 1-40 acted in a grossly negligent and careless manner when he restrained and assaulted Mr. Cooper.

178.    The Corrections Officers and DOE Defendants 1-40

37

owed Mr. Cooper a duty of care to act in a legal manner and not engage in conduct, which would cause Mr. Cooper physical injuries.

179.   The Corrections Officers and DOE Defendants 1-40 are directly liable for this incident.

180.   The Corrections Officers and DOE Defendants 1-40 acts and omissions constituted an extreme departure from the standard of care.

181.   The Corrections Officers and DOE Defendants 1-40 acted in reckless disregard of the consequences affecting Mr. Cooper.

182.   The Corrections Officers and DOE Defendants 1-40 thoughtlessly disregarded the consequences of their acts to Mr. Cooper and did not exert any effort to prevent Mr. Cooper from being harmed.

183.   The Corrections Officers and DOE Defendants 1-40 acted with such utter indifference toward Mr. Cooper's rights that they acted as if Mr. Cooper's rights to be safe did not exist.

184.   The Corrections Officers and DOE Defendants 1-40's acts and omissions were the direct and proximate cause of Mr. Cooper's injuries.

185.   The Corrections Officers and DOE Defendants 1-40 breached their duty of care and as a result of their gross

Exhibit A

negligence, directly and proximately caused Mr. Cooper to suffer serious injuries to his body as well as extreme physical and mental pain and discomfort.

186.   As a result of The Corrections Officers and DOE Defendants 1-40's conduct, Mr. Cooper received emotional injuries and injuries to his head and body.

187.   The actions of The Corrections Officers and DOE Defendants 1-40 constituted a wanton and reckless disregard of human life, with a disregard of the consequences that might ensue as a result of their acts.   Their actions further constituted an indifference to the rights of the Mr. Cooper.

### Seventh Claim for Relief
### Respondeat Superior
### Against the State of Maryland

188.   Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

189.   At all times relevant to this action, the Corrections Officers, DOE Defendants 1-20, Defendant Wainwright and Defendant Green were employed by, and were agents, servants or employees of the DPSCS at the MTC.

190.   The Corrections Officers and DOE Defendants 1-20 were on duty as a corrections officer at MTC when Mr. Cooper was assaulted.

191.   The acts of gross negligence and negligence, and violations of the Maryland Declaration of Rights were committed

39

Exhibit A

by the Corrections Officers, DOE Defendants 1-20, Defendant
Wainwright and Defendant Green within the scope of their
employment with the DPSCS, the MTC and the State of Maryland in
that their acts were committed while on duty and in furtherance
of the interest and policies of MTC, DPSCS and the State of
Maryland.

192.   As the Corrections Officers, DOE Defendants 1-20,
Defendant Wainwright and Defendant Green's employer, the State
of Maryland is responsible for the acts of gross negligence and
negligence, and violations of the Maryland Declaration of Rights
which were committed by the defendants within the scope of their
employment.

### Seventh Claim for Relief
### Respondeat Superior
### Against the City of Baltimore

193.   Plaintiff hereby incorporates all other
paragraphs of this Complaint as if fully set forth herein.

194.   At all times relevant to this action, DOE
Defendants 21-40 were employed by, and were agents, servants or
employees of the City.

195.   DOE Defendants 21-40 were employed by the City
when Mr. Cooper was transferred into the custody of the State.

196.   The acts of gross negligence and negligence, and
violations of the Maryland Declaration of Rights were committed
by DOE Defendants 21-40 within the scope of their employment

40

Exhibit A

with the City in that their acts were committed while on duty and in furtherance of the interest and policies of the City.

197.    As the DOE Defendants 21-40's employer, the City is responsible for the acts of gross negligence and negligence, and violations of the Maryland Declaration of Rights which were committed by DOE Defendants 21-40 within the scope of their employment.

### V.   RELIEF REQUESTED

Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.  Wherefore, Mr. Cooper hereby prays for and seeks from the Defendants, jointly and severally, the following relief:

> 1) pecuniary damages to fully compensate Plaintiff for medical treatment necessitated by Defendants' acts;
>
> 2) compensatory damages in an amount greater than $75,000.00;
>
> 3) punitive damages in the amount of $20,000,000.00 for each defendant, for which all other facts set forth in this Complaint will be used as evidence to prove;
>
> 4) attorney's fees; and
>
> 4) any other relief which this Court decides is necessary in the interest of justice.

41

Exhibit A

## VI.   JURY DEMAND AND REQUEST FOR WRIT OF SUMMONS

Plaintiff respectfully demands a jury trial in this matter and hereby request that the Clerk issue a Writ of Summons for service for all defendants.

                              Respectfully submitted,


                              /s/Randy E. McDonald
                              _____
                              RANDY EVAN MCDONALD, Esq.
                              THE COCHRAN FIRM
                              1001 L Street, SE
                              Washington, DC 20003
                              Telephone:  (240)491-7609
                              rmcdonald@cochranfirm.com
                              Attorney No.:  0712120040
                              Counsel for the Plaintiff

Exhibit A

CIRCUIT COURT FOR BALTIMORE CITY
Marilyn Bentley
Clerk of the Circuit Court
Courthouse East
111 North Calvert Street
Room 462
Baltimore, MD 21202-
(410)-333-3722, TTY for Deaf: (410)-333-4389


W R I T   O F   S U M M O N S   ( P r i v a t e   P r o c e s s )
Case Number: 24-C-22-002755 OT
C I V I L

Jokolby Cooper vs State Of Maryland, et al

STATE OF MARYLAND, BALTIMORE CITY, TO WIT:

        To: STATE OF MARYLAND
Serve On: MD Dept Of Public Safety ANd Correctional Serv
          300 East Joppa Rd
          Suite 1000
          Towson, MD 21286


    You are hereby summoned to file a written response by pleading or motion,
within 30  days after service of this summons upon you, in this court, to
the attached Complaint filed by:  Jokolby Cooper
                                  601 N Bentalou St.
                                  Baltimore, MD 21216


WITNESS the Honorable Chief Judge of the Eighth Judicial Circuit of
Maryland


Date Issued:   06/23/22

                    Marilyn Bentley
                    Clerk of the Circuit Court per


To the person summoned:

FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOTTED MAY RESULT IN A JUDGMENT
BY DEFAULT OR THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

Personal attendance in court on the day named is NOT required.


Exhibit A

CIRCUIT COURT FOR BALTIMORE CITY
Marilyn Bentley
Clerk of the Circuit Court
Courthouse East
111 North Calvert Street
Room 462
Baltimore, MD 21202-
(410)-333-3722, TTY for Deaf: (410)-333-4389


W R I T   O F   S U M M O N S   ( P r i v a t e   P r o c e s s )
Case Number: 24-C-22-002755 OT
C I V I L

Jokolby Cooper vs State Of Maryland, et al

STATE OF MARYLAND, BALTIMORE CITY, TO WIT:

       To: STATE OF MARYLAND
Serve On: Nancey K. Kopp, Treasurer
          Louis L Goldstein Treasury Building
          80 Calvert St., Rm 109
          Annapolis, MD 21401


    You are hereby summoned to file a written response by pleading or motion,
within 30  days after service of this summons upon you, in this court, to
the attached Complaint filed by:  Jokolby Cooper
                                  601 N Bentalou St.
                                  Baltimore, MD 21216

WITNESS the Honorable Chief Judge of the Eighth Judicial Circuit of
Maryland

Date Issued:  06/23/22

Marilyn Bentley
Clerk of the Circuit Court per


To the person summoned:

FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOTTED MAY RESULT IN A JUDGMENT
BY DEFAULT OR THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

Personal attendance in court on the day named is NOT required.

Exhibit A

CIRCUIT COURT FOR BALTIMORE CITY
Marilyn Bentley
Clerk of the Circuit Court
Courthouse East
111 North Calvert Street
Room 462
Baltimore, MD 21202-
(410)-333-3722, TTY for Deaf: (410)-333-4389


W R I T   O F   S U M M O N S   ( P r i v a t e   P r o c e s s )
Case Number: 24-C-22-002755 OT
C I V I L
Jokolby Cooper vs State Of Maryland, et al

STATE OF MARYLAND, BALTIMORE CITY, TO WIT:

        To: STATE OF MARYLAND
Serve On: Brian Frosh
        Office Of Attorney General
        St. Paul Plaza 19th Fl, 200 St. Paul Pl.
        Baltimore, MD 21202


    You are hereby summoned to file a written response by pleading or motion,
within 30   days after service of this summons upon you, in this court, to
the attached Complaint filed by:  Jokolby Cooper
                                  601 N Bentalou St.
                                  Baltimore, MD 21216

WITNESS the Honorable Chief Judge of the Eighth Judicial Circuit of
Maryland

Date Issued:   06/23/22

Marilyn Bentley
Clerk of the Circuit Court   per


To the person summoned:

FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOTTED MAY RESULT IN A JUDGMENT
BY DEFAULT OR THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

Personal attendance in court on the day named is NOT required.

Exhibit A