UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

August 25, 2023

MEMORANDUM TO COUNSEL RE:          <u>Cooper v. State of Maryland, et al.</u>
                                                        Civil Action No. GLR-22-2595

Dear Counsel:

Pending before the Court are Defendants the State of Maryland, Simon Wainwright, Robert L. Green, Lieutenant Scott, Olawale Akanji, Sergeant Muyiwa Olalemi, Odunayo Adegboye, and Jefferson Exinor's Motion to Dismiss (ECF No. 14). The Motion is ripe for disposition, and no hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will grant in part and deny in part the Motion to Dismiss.[1]

Plaintiff Jokolby Cooper was detained at the Metropolitan Transit Center ("MTC"), a Maryland State facility for pre-trial detainees.[2] (Am. Compl. ¶ 19, ECF No. 12). MTC officials housed Cooper in a dormitory-style room with 50 or more other inmates. (<u>Id.</u> ¶ 20). Some of these inmates were "dangerous and violent," while other inmates, like Cooper, were "less violent." (<u>Id.</u> ¶ 41). Nevertheless, there were no walls separating the inmates' beds. (<u>Id.</u> ¶ 20). Cooper alleges State officials and MTC correctional officers knew that these conditions were dangerous. (<u>Id.</u> ¶¶ 40−42).

Around 2:30 a.m. on June 10, 2021, when the inmates were supposed to be sleeping, three inmates attacked Cooper. (<u>Id.</u> ¶ 21). The inmates wrapped their heads in towels to conceal their identities, retrieved illegal knives, and heated water in the microwave. (<u>Id.</u> ¶¶ 30−31). Correctional officers "saw the masked assailants boiling water at 2:30 a.m. in a microwave, with makeshift knives in their hands, and did nothing to stop the oncoming assault." (<u>Id.</u> ¶¶ 32, 38). The inmates then pulled Cooper out of his bunk, poured boiling water on him, and stabbed him nine times. (<u>Id.</u> ¶¶ 21−22, 34). As a result, Cooper suffered pain and permanent injuries including loss of hearing and disfiguration. (<u>Id.</u> ¶¶ 23, 35).

Corporal Nakiara Ridby, Lieutenant Scott, Olawale Akanji, Muyiwa Olalemi, Lancelot Lemonius, Odunayo Adegboye, Jefferson Exinor, and the DOE Defendants 1−20 (collectively

---

[1] The Court notes that Defendants filed a Motion to Dismiss the original Complaint on November 15, 2022 (ECF No. 9). The Court will deny that Motion as moot because Cooper later filed an Amended Complaint (ECF No. 12).

[2] Unless otherwise noted, the Court takes the following facts from Cooper's Amended Complaint (ECF No. 12) and accepts them as true. <u>See</u> Erickson v. Pardus, 551 U.S. 89, 94 (2007).

"CO Defendants")[3] were MTC correctional officials at the time of the assault. (Id. ¶ 43). Simon Wainwright was the MTC Warden, and he was responsible for hiring, training, and supervising CO Defendants. (Id. ¶¶ 7, 49). Robert L. Green was the Secretary of the Maryland Department of Public Safety and Correctional Services ("DPSCS"). (Id. ¶ 8).

On June 22, 2022, Cooper filed the original Complaint in the Circuit Court for Baltimore City. (ECF No. 2). On October 11, 2022, Defendants removed the case to this Court on the basis of federal question jurisdiction. (Notice of Removal at 3, ECF No. 1). On November 15, 2022, Defendants filed a Motion to Dismiss. (ECF No. 9). Cooper filed an Amended Complaint on December 20, 2022 alleging: failure to protect under 42 U.S.C. § 1983 and the Fourteenth Amendment against CO Defendants, Wainwright, and Green in their individual capacities (Count I); a Monell claim under § 1983 against Wainwright and Green in their individual capacities (Count II); negligence against CO Defendants, Wainwright, and Green (Count III); a violation of Article 24 of the Maryland Declaration of Rights against CO Defendants, Wainwright, and Green in their individual capacities (Count IV); gross negligence against CO Defendants (Count V); and respondeat superior liability against the State of Maryland for the negligence, gross negligence, and Article 24 claims (Count VI).[4] (Am. Compl. ¶¶ 57−129). Cooper seeks compensatory damages for medical treatment, punitive damages, and attorney's fees. (Id. at 29−30). The filing of the Amended Complaint rendered the initial Motion to Dismiss (ECF No. 9) moot.

On February 1, 2023, Defendants filed a Motion to Dismiss the Amended Complaint. (ECF No. 14). Cooper filed an Opposition on March 1, 2023 (ECF No. 17). To date, Defendants have not filed a reply.

**Standard of Review**

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement" of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

---

[3] Ridby and Lemonius were terminated as Defendants on July 24, 2023 because Cooper failed to effect timely service on them.

[4] Cooper does not name the Mayor and City Council of Baltimore or Doe Defendants 21−40 as Defendants in the Amended Complaint. Accordingly, the Court will direct the Clerk to terminate them from this matter.

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, accept the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. See Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cnty., 407 F.3d 266, 268 (4th Cir. 2005). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

## Section 1983, the Fourteenth Amendment, and Article 24 of Maryland Declaration of Rights[5]

In Count I, Cooper alleges that CO Defendants, Wainwright, and Green failed to protect Cooper and that they were deliberately indifferent to known risks of violence.[6] (Am. Compl. ¶¶ 58, 61). Defendants argue that this claim must be dismissed because Cooper "fails to allege that [Defendants] were aware of and indifferent to Mr. Cooper's need for safety and protection." (Mem. Supp. Defs.' Mot. Dismiss ["Mot."] at 3, ECF No. 14-1). Defendants also argue that Cooper fails to allege Wainwright and Green's personal participation in the deprivation of Cooper's rights, and therefore that they cannot be liable. (Id. at 8).

The Due Process Clause of the Fourteenth Amendment protects Cooper's rights as a pretrial detainee. See Perry v. Barnes, No. PWG-16-705, 2019 WL 1040545, at *3 (D.Md. Mar. 5, 2019). When a pre-trial detainee brings a failure to protect claim, courts commonly apply the Eighth Amendment standard for deliberate indifference. Id. To establish that Defendants were deliberately indifferent to a substantial risk of serious harm, Cooper must show: (1) "a serious deprivation of his rights in the form of a 'serious or significant physical or emotional injury,'" Danser v. Stansberry, 772 F.3d 340, 346 (4th Cir. 2014) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)), and (2) "a sufficiently culpable state of mind" amounting to "'deliberate indifference' to inmate health or safety," Farmer, 511 U.S. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 302–03 (1991)). Evidence establishing a culpable state of mind requires actual knowledge of an excessive risk to the prisoner's safety or proof that prison officials were aware of facts from which an inference could be drawn that a substantial risk of serious harm existed and that the officials drew such an inference. Id. at 837. Where prison officials respond reasonably to

---

[5] Cooper pleads a Fourteenth Amendment violation under 42 U.S.C. § 1983 in Count I and a violation of Article 24 of the Maryland Declaration of Rights in Count IV. Article 24 "is the state law equivalent of the Fourteenth Amendment" and courts interpret the substance of the two coextensively. Brummell v. Talbot Cnty. Bd. of Educ., No. RDB-22-1601, 2023 WL 2537438, at *6 (D.Md. Mar. 16, 2023). Accordingly, the Court's analysis of the § 1983 Fourteenth Amendment claim shall also constitute its analysis of the Article 24 claim.

[6] Defendants argue that State officials acting in their official capacities are not "persons" subjected to § 1983 liability, and therefore that Count I must be dismissed to the extent that it alleges liability against Defendants in their official capacities. (Mot. at 12). While it is well-settled law that neither a State nor its officials acting in their official capacities are persons under § 1983, Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989), Cooper expressly states that his § 1983 claims are against the individual Defendants in their individual capacity only. (See Am. Compl. at 14). Consequently, the Court will not dismiss Count I on this basis.

a risk, they may be found not liable. Id. at 844.

Here, Defendants first argue that Cooper did not establish the second factor. (Mot. at 3). The Court disagrees. Cooper expressly alleges that CO Defendants saw the assailants preparing for the assault and that they did nothing to stop them. (See Am. Compl. ¶ 38). Cooper has therefore alleged actual knowledge, which is sufficient to establish his § 1983 claim against CO Defendants. See Farmer, 511 U.S. at 837 (explaining that allegations of actual knowledge establish a culpable state of mind).

Second, Defendants claim that Cooper fails to allege sufficient facts to establish supervisory liability under § 1983 as to Wainwright and Green. (Mot. at 10). Cooper contends that he does not allege supervisory liability, but instead that Wainwright and Green are liable only for their own acts and omissions. (Opp'n Defs.' Mot. Dismiss ["Opp'n"] at 8, ECF No. 17). Specifically, Wainwright and Green "fail[ed] to maintain appropriate staff" at MTC, failed to station a corrections officer in Cooper's dormitory, moved "known-dangerous inmates into the same dormitory as Mr. Cooper," and remained deliberately indifferent to the risk of the danger that they created. (See Am. Compl. ¶¶ 63−65; Opp'n at 6−7).

Although the evidence of Wainwright and Green's culpable state of mind is weaker than that of the CO Defendants, the Court finds that Cooper has adequately alleged that Wainwright and Green had knowledge of the facts set forth above and that they could, and did, draw an inference that a substantial risk of serious harm existed. See Farmer, 511 U.S. at 837. Accordingly, the Court will deny the Motion to Dismiss as to Count I.

**Monell Claim**

Next, Defendants move to dismiss the Count II Monell claim, which alleges that the State of Maryland, Wainwright, and Green are liable under § 1983 for CO Defendants' actions because they maintain "customs, policies, and practice[s]" that "promote and encourage corrections officers to ignore and accept inmate assaults on other inmates." (Am. Compl. ¶¶ 81−83). Defendants argue that "[a] Monell claim cannot be brought against the Secretary, the Warden or the State as a matter of law." (Mot. at 6). At bottom, the Court agrees with the Defendants.

Section 1983 provides that "[e]very person," who, under color of state law causes the violation of another's federal rights shall be liable to the party injured by his conduct. In Monell v. Department of Social Services of the City of New York, 436 U.S. 658, (1978), the Supreme Court explained that a municipality or local government is subject to suit under § 1983 based on the unconstitutional actions of individual defendants where those defendants were executing an official policy or custom of the local government that violated the plaintiff's rights. Id. at 690−91.

Here, the State of Maryland cannot be liable under Monell because it is not a local government or municipality, and it is protected by Eleventh Amendment immunity. See Monell, 436 U.S. at 690 n.54 ("Our holding today is, of course, limited to local government units which are not considered part of the State for Eleventh Amendment purposes."). Further, while Wainwright and Green may be liable as individuals under § 1983, as Cooper alleges in Count I, they are also not local governments or municipalities and therefore a Monell claim cannot proceed

against them. See id. at 691. Cooper contends that Wainwright and Green can be sued in their individual capacities under Monell, (Opp'n at 6), he does not provide any authority to support this argument. Accordingly, the Court will dismiss Count II.

**Negligence**

In Count III, Cooper alleges negligence against CO Defendants, Wainwright, and Green. (Am. Compl. ¶ 90). Defendants argue that this claim must be dismissed because these individual Defendants are immune from liability under the Maryland Tort Claims Act ("MTCA"). (Mot. at 7).

The MTCA provides that State personnel have immunity for tortious acts committed within the scope of their duties if the act or omission "is made without malice or gross negligence." Md. Code Ann., State Gov't 12-105. Cooper concedes that the negligence claim must be dismissed against the individual Defendants because of the MTCA. (Opp'n at 6). Accordingly, Count III will be dismissed.[7]

**Gross Negligence**

In Count V, Cooper alleges that CO Defendants were grossly negligent. (Am. Compl. ¶ 113). Defendants move to dismiss this claim because Cooper fails to allege that CO Defendants had prior knowledge of the risk to Cooper or that they were present in the dormitory at the time of the assault. (Mot. at 12).

To state a claim for gross negligence under Maryland law, a plaintiff must allege "an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another." Barbre v. Pope, 935 A.2d 699, 717 (Md. 2007) (quoting Liscombe v. Potomac Edison Co., 495 A.2d 838, 846 (Md. 1985)). Gross negligence "implies a thoughtless disregard of the consequences without the exertion of any effort to avoid them." Id. "Stated conversely, a wrongdoer is guilty of gross negligence or acts wantonly and willfully only when he inflicts injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist." Id.

The Court finds that Cooper has sufficiently stated a claim for gross negligence. Contrary to Defendants' assertions that Cooper did not allege knowledge of the risk or CO Defendants' presence in the dormitory, as explained above in the Court's analysis of Count I, the Amended Complaint does contain allegations that CO Defendants were at MTC during the assault, that they actually saw the assailants prepare to attack Cooper, and that they did nothing to stop it. (See Am. Compl. ¶ 38). Accordingly, the Motion to Dismiss will be denied as to Count V.

---

[7] While this claim is dismissed against the individual Defendants named in Count III, Cooper also pleads negligence against the State of Maryland in Count VI, and that claim survives. (See Am. Compl. at 28).

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss the original Complaint (ECF No. 9) is DENIED AS MOOT and the Motion to Dismiss the Amended Complaint (ECF No. 14) is GRANTED IN PART and DENIED IN PART. The Motion (ECF No. 14) is GRANTED as to Counts II and III of the Amended Complaint and DENIED in all other respects. Counts II and III are hereby DISMISSED. Defendants shall ANSWER the Amended Complaint in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. The Clerk is directed to TERMINATE Mayor and City Council of Baltimore and Doe Defendants 21−40 as Defendants. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

_____/s/_____
George L. Russell, III
United States District Judge